IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LOREN JOHN HICKS, #226798, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:11-CV-756-TMH |
| | ) [WO] |
| | ) |
| KIM THOMAS, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 case is pending before the court on a complaint filed by Loren John Hicks ["Hicks"], an indigent state inmate incarcerated at the Elmore Correctional Facility. Upon review of the initial complaint, the court found it focused primarily on "supposition that prison officials *may* at some time in the future act unfavorably towards him" and, therefore, failed "to state a claim on which relief may be granted [in a] § 1983 action. *Conner v. Sticher*, 801 F.2d 1266, 1268 (11th Cir. 1986) (plaintiffs' subjective belief harm may occur fails to implicate a constitutionally protected interest); *Cotterall v. Paul*, 755 F.2d 777, 780 (11th Cir. 1985) (jurisdiction cannot be premised upon mere speculation); *Carter v. Heard*, 593 F.2d 10 (5th Cir. 1979) (relief not warranted where 'the injury which [plaintiff's] pleadings contemplate is fancied, not real; prospective, not actual; and imagined, not threatened.')." *Order of September 15, 2011 - Court Doc. No. 4* at 1. With respect to Hicks' claims related to actions taken against other inmates, the court noted he "lacks standing to present such claims. *McGowan v. Maryland,* 366 U.S. 420, 429 (1961), citing *United States v. Raines,* 362 U.S. 17, 22 (1960) ('[A] litigant may only assert his own constitutional rights or immunities.'); *Schlesinger v. Reservists Committee to Stop the War,* 418 U.S. 208, 218-219 (1974)

(plaintiff must assert a legally cognizable injury in fact before federal courts have jurisdiction); *Saladin v. City of Milledgeville,* 812 F.2d 687, 690 (11th Cir.1987); *Harris v. McRae,* 448 U.S. 297, 320 (1981)." *Order of September 15, 2011 - Court Doc. No. 4* at 1-2. Finally, after review of a supporting affidavit submitted by Hicks which referenced various acts of force used against him, the court deemed it appropriate to require that Hicks file an amended complaint "limit[ing] his claims to actions taken against *him* which are related in time, circumstance and place." *Id*. The court advised Hicks "that if he seeks to challenge separate and distinct uses of force, i.e., uses of force occurring on different days at the hands of different correctional officials, he may do so by filing separate causes of action for each alleged act of excessive force." *Id*. at 3. Hicks was likewise cautioned that his failure to comply with the directives of this order would result in a Recommendation that this case be dismissed. *Id*.

On September 27, 2011, the court received a document styled as an "amended complaint" in which Hicks merely repeated several of the claims/allegations set forth in the initial complaint and supporting affidavit. Hicks "did not adhere to the directive that he limit his claims to those *related* in time, place and factual circumstance and completely ignored the requirement that separate uses of force occurring on different days be presented in separate causes of action. In addition, the plaintiff again [alleged frivolous] claims of possible assault and retaliation by correctional officials." *Order of September 28, 2011 - Court Doc. No. 6* at 3. Based on Hicks' failure to comply with each of the requisite directives of the order entered on September 15, 2011, the court ordered that this document be stricken from the record and returned to Hicks. *Id*. at 3. The court also allowed Hicks another opportunity to file an amended complaint which comported with the orders entered in this case. *Id*. The court again cautioned Hicks "*that this case will proceed only against the defendant(s)*

*named and claims presented in the amended complaint*" and "if he fails to comply with the directives of this order the Magistrate Judge will recommend that this case be dismissed." *Id*. (emphasis in original). Hicks had until October 14, 2011 to file an amended complaint. As of the present date, Hicks has failed to file an amended complaint or any other response to the aforementioned order. Consequently, the court concludes this case is due to be dismissed.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for failure of the plaintiff to file an amended complaint in accordance with the directives of the orders entered in this case. It is further

ORDERED that **on or November 17, 2011**, the parties may file objections to the Recommendation. Any objection must specifically identify the findings in the Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable. Failure to file written objections to the proposed findings in the Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all decisions of the former Fifth Circuit issued prior to September 30, 1981.

Done this 3rd day of November, 2011.

                     /s/Charles S. Coody
                     CHARLES S. COODY
                     UNITED STATES MAGISTRATE JUDGE